UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID C. LETTIERI,

        Plaintiff,

  v.

DEPARTMENT OF JUSTICE, et al.,

        Defendants.

23-CV-865-LJV
ORDER

---

On August 21, 2023, the *pro se* plaintiff, David C. Lettieri, commenced this action under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA").[1]  Docket Item 1.  He alleges that Federal Bureau of Investigation ("FBI") Agents Eric Schmidt and Randall Garver destroyed his personal property during an unlawful search and violated his constitutional rights.  *Id.*

On October 19, 2023, this Court dismissed the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) and denied Lettieri's request for an immediate trial.  Docket Item 3.  A month later, Lettieri moved for reconsideration of that order, Docket Item 5, and for this Court to recuse itself, Docket Item 6.  He also filed a notice of appeal.  Docket Item 7.  On January 2, 2024, Lettieri moved to vacate the judgment, Docket Item 9; and on January 22, 2024, he moved to amend the complaint, Docket

---

[1] On June 14, 2023, a jury found Lettieri guilty of one count of enticement of a minor in violation of 18 U.S.C. § 2422(b).  *See United States v. Lettieri*, Case No. 21-cr-20, Docket Items 146, 150 (W.D.N.Y. June 14, 2023).  For several reasons, including his retention of new counsel, he has not yet been sentenced.

Item 10, and for the case to proceed to trial, Docket Item 11. He also moved for the Court to "add a case file" to his motion for reconsideration. Docket Item 12.

For the reasons that follow, Lettieri's various motions, Docket Items 5, 6, 7, 9, 10, 11, and 12, are denied.[2]

## DISCUSSION

I.  **MOTION FOR RECUSAL**

As a threshold matter, the Court addresses Lettieri's motion for recusal. Docket Item 6.

A judge shall recuse himself "in any proceeding in which his impartiality might reasonably be questioned" and in any proceeding "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455. "[R]ecusal motions are committed to the sound discretion of the district court." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (citation omitted). "[B]ald allegations" or speculation that a judge is engaged in criminal conduct are "insufficient to compel recusal." *Jordan v. Dep't of Just.*, 315 F. Supp. 3d 584, 593 (D.D.C. 2018) (citations omitted).

Lettieri argues that recusal is warranted here because this Court engaged in criminal conduct, including conspiring with the defendants in this case, and allowed

---

[2] Despite Lettieri's notice of appeal, this Court retains the power to consider his pending motions under Federal Rule of Civil Procedure 62.1, which provides that when a litigant timely moves for relief while an appeal is pending, the district court may, *inter alia*, "deny the motion." In fact, the Second Circuit has stayed Lettieri's appeal pending resolution of his motion for reconsideration. *See Lettieri v. Dep't of Just.*, Case No. 23-7733, Docket Item 17 (2d Cir. Jan. 18, 2023). Therefore, and because it has the authority to do so under Rule 62.1, this Court decides Lettieri's pending motions.

those defendants to fabricate evidence and tamper with jurors in Lettieri's criminal case. Docket Item 6.  In addition to being false and frivolous, those allegations are speculative, conclusive, and consistent with Lettieri's pattern of vexatious and meritless filings.[3]  Lettieri also says that this Court "misapplie[d] the [l]aw." *Id.*  Even if true, that is no basis for recusal.  *See Marshall v. City of Meriden*, 2017 WL 5513201, at *4 (D. Conn. Mar. 9, 2017) (noting that a judge's "mistake" is not "a basis for recusal" (citation omitted)).

In sum, Lettieri's allegations provide no reason to doubt this Court's impartiality. Therefore, and for the reasons articulated by this Court in orders denying Lettieri's motions for recusal in other cases, *see, e.g.*, *Lettieri v. Dep't of Just.*, 2023 WL 7553868, at *1 n.3 (W.D.N.Y. Oct. 19, 2023); *Lettieri v. U.S. Fed. Marshals*, 2023 WL 6880482, at *1 (W.D.N.Y. Oct. 18, 2023); *Lettieri v. Bonanno*, 2023 WL 3075954, at *2 (W.D.N.Y. Apr. 25, 2023), Lettieri's motion for recusal is denied.

## II.   MOTION FOR RECONSIDERATION

"As explained by the Second Circuit, 'the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  *Kharshiladze v. Philips*, 2021 WL 1525869, at *1 (W.D.N.Y. Apr. 19, 2021) (alterations omitted) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.

---

[3] Since November 2022, Lettieri has filed more than 70 civil complaints and habeas petitions in this District.  *In re: David C. Lettieri*, Case No. 23-mc-32, Docket Item 26 (W.D.N.Y. Apr. 5, 2024).  This Court has imposed several filing injunctions to address Lettieri's pattern of abuse of the judicial process.  *Id.*

1995)). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Id.* (quoting *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Id.* (quoting *Boyde v. Osborne*, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013)) (internal quotation marks omitted); *see Nossek v. Bd. of Educ. of Duanesburg Cent. Sch. Dist.*, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994) ("[A] motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." (citation and internal quotation marks omitted)).

Lettieri's motion does not demonstrate any of the circumstances under which reconsideration might be warranted. *See* Docket Item 5. It therefore is denied.[4]

### III.     MOTION TO VACATE

Under Federal Rule of Civil Procedure 60(b), a litigant may seek relief from judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[4] Lettieri also asks the Court to "consider" the decision in *Powell v. United States*, 2020 WL 5126392 (E.D.N.Y. Aug. 31, 2020). Docket Item 12. That motion is denied as unnecessary: The Court has reviewed *Powell,* and it does not alter the outcome of this case.

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Lettieri has moved to "vacate[]" this Court's judgment so that the case "can be transfer[red]" to the Northern District of New York, where Lettieri intends to seek return of his seized property under Federal Rule of Criminal Procedure 41(g). Docket Item 9. That motion is denied because Lettieri has not demonstrated that he is entitled to relief from judgment for any of the reasons in Rule 60(b).

### IV. MOTION TO AMEND

Lettieri has moved to amend his complaint to add a claim for "abuse of process." Docket Item 10. But judgment has been entered and this case has been closed, so "[u]nless there is a valid basis to vacate the previously entered judgment"—which there is not, *see supra* at 3-5—"it would be contradictory to entertain a motion to amend the complaint," *see Nat'l Petrochem. Co. v. M/T Stolt Sheaf,* 930 F.2d 240, 245 (2d Cir. 1991). Additionally, Lettieri's motion to amend does not include any facts suggesting he might be able to state a viable claim. *See* Docket Item 10. And what is more, Lettieri likely seeks to amend his complaint to circumvent the "three strikes" bar that prevents him from filing new actions without prepaying the filing fees absent imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *see also Lettieri v. Vilardo*, Case No. 23-cv-6563, Docket Item 3 (W.D.N.Y Oct. 10, 2023) (Wolford, C.J.) (denying Lettieri's motion to proceed IFP under the three strikes rule).

For all those reasons, Lettieri's motion to amend is denied.

## V.     MOTION FOR CASE TO PROCEED

Lettieri has moved "for this case to proceed" because he has complied with the FTCA administrative claim requirements. Docket Item 11. But the allegations in that motion do not support Lettieri's assertion that he has "sati[s]fied" those requirements. *Id.*

To initiate an action under the FTCA, a plaintiff "shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant . . . , be deemed a final denial of the claim." *Id.* As this Court previously explained, the FTCA's "threshold [exhaustion] requirements—which apply to *pro se* litigants—are jurisdictional and cannot be waived." Docket Item 3 at 9 (collecting cases).

Lettieri asserts that because six months have passed "since [his FTCA] claim *would* have [b]een [f]iled," this Court should treat that claim as having been denied for purposes of the FTCA exhaustion requirement. Docket Item 11 at 1-2 (emphasis added). But he does not say that he actually filed an administrative claim with any federal agency. *See generally* Docket Item 11. Rather, he alleges only (1) that he filed a grievance complaining that he was "unable to make photocopies" of his "two bags of legal work" when he was relocated to the Niagara County Jail in August 2023; and (2) that when he requested copies of legal documents in December 2023, his request was denied and he was told "to get a lawyer on the case to give [him] a copy." *Id.*

6

Whether construed as a motion for reconsideration or a motion for relief for judgment, Lettieri's motion to "proceed" does not provide any basis for this Court to reach a conclusion different than the one it reached previously:  Lettieri has not plausibly alleged that he filed an administrative claim, as is required to pursue a claim under the FCTA.  *See id.*  Lettieri's motion to "proceed" therefore is denied.

## **ORDER**

In light of the above, IT IS HEREBY

ORDERED that the following motions are DENIED: Docket Items 5, 6, 9, 10, 11, and 12; and it is further

ORDERED that this Court hereby certifies, under 28 U.S.C. § 1915(a)(3), that any appeal form this order would not be taken in good faith, and leave to appeal to the Court of Appeals *in forma pauperis* is denied.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1982).  Further requests to proceed *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure

SO ORDERED.

Dated:   April 10, 2024
         Buffalo, New York

                                             /s/ Lawrence J. Vilardo
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE